Vocational and Technical School District — Area — Board Membership A member of the Board of Education of an independent school district in Oklahoma may also be a member of the board of an area vocational and technical school district. Part IV, Section 7, of the Rules and Regulations of the State Board of Vocational and Technical Education is invalid insofar as it provides that the members of a board of education of an independent school district may serve as ex officio members of the board of education of the area school district since such rule exceeds the authority granted by law to the State Board of Vocational and Technical Education. The Attorney General has had under consideration the following two questions posed by you: "1. Pursuant to authority granted by Article X, Section 9B(c) of Article 10, Oklahoma Constitution, and Title 70, Sec. 447, Session Laws 1967, may the State Board for Vocational Education, by its Rules and Regulations, provide a method for the establishment of an existing independent school district as an area vocational and technical school district, and provide that the board of education of such independent school district shall be the governing board of such area vocational and technical school district? "2. If the answer to the above question is in the negative, may a member of the board of education of an independent school district in Oklahoma also be a member of the board of education, the governing board, of an area vocational and technical school district, established pursuant to Sec. 9B of Article 10, Oklahoma Constitution, and enabling legislation pertaining to this constitutional provision?" Article X, Section 9B, Oklahoma Constitution provides in pertinent part: "(a) Area school districts for vocational and/or technical schools may be established . . . . Any area school district so established shall be considered as a school district for the purposes of Sections 10 and 26 of this Article. The administrative control and direction of the area school district shall be vested in a school board which shall be constituted and empowered as provided by law for school boards of independent school districts. "(b) Upon the establishment of area school districts, such districts are authorized to become indebted separate and apart from the indebtedness of any school district included in the area school district up to five per cent (5%) of the net valuation of taxable property within such area school district . . . . "(d) The Legislature may alter, amend, delete, or add to the provisions of this Section 9B by law." Title 70 O.S. 447 [70-447] (1968), provides in part, "(b) An area school district shall be a body corporate and shall possess the usual powers of a corporation for public purposes. . . . Its governing board shall be a board of education consisting of five (5) members elected in a manner prescribed by the State Board of Vocational Education. Such board of education shall have the same powers and duties that boards of education of independent school districts have. . . . . . . "(e) Territory may be annexed to or detached from an area school district, in accordance with rules and regulations prescribed by the State Board for Vocational Education. "(f) Schools of area school districts shall be subject to classification, inspection, and accreditation by the State Board of Education." From the above quoted constitutional and statutory provisions it appears the area school district is an entirely separate entity and subdivision of the State set up for a definite purpose. If approved by the State Board for Vocational Education such a district could be formed by a portion of a school district, several school districts or parts of several school districts. As provided in Section 70 O.S. 447 [70-447](e), supra, territory may be annexed to or detached from an area school district. And, if such district has a change in its territory the representation on its board would be changed to comply with the new boundaries of such area school district. It is, therefore, the opinion of the Attorney General that your first question be answered in the negative. The State Board for Vocational Education may not, by rule or regulation, provide a method for the establishment of an existing independent school district as an area vocational and technical school district and provide that the board of education of such independent school district shall be the governing board of such area vocational and technical school district. Since we feel the law of this State creates the area school district as a separate and distinct entity from other school districts or parts of school districts of which it is composed, such legal entity must have separate and distinct officers. 51 O.S. 6 [51-6] (1961) (ED. Note: Dual Office Holding), provides in part, "Except as may be otherwise provided, no person holding an office under the laws of the State and no deputy of any officer so holding any office, shall, during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the State . . . ." It is the further opinion of the Attorney General that your second question be answered in the negative. A member of the board of education of an independent school district in Oklahoma may not also be a member of the board of an area vocational and technical school district. It is the further opinion of the Attorney General that Part IV, Section 7, of the Rules and Regulations of the State Board of Vocational and Technical Education which reads, "The territory comprising each of the five independent school districts (Tulsa, Oklahoma City, Ardmore, Duncan and Enid) having schools designated as area vocational schools by the State Board of Vocational and technical Education prior to the adoption of Section 9B, Article 10, Oklahoma Constitution, may be established as an area school district by the State Board, when requested to do so in a resolution adopted by the board of education of the independent school district; and if such board of education has five members, then its members shall serve ex officio as members of the board of education of the area school district." This invalid insofar as it provides that the members of a board of education of an independent school district may serve as ex officio members of the board of education of the area school district since such rule exceeds the authority granted by law to the State Board of Vocational and Technical Education. (J. W. Monroe)